**THE CENTRAL TRUST CO., Appellee v. CLARKE, Appellee, POOR, ET AL., Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6706. Decided November 18, 1946.

Michael G. Heintz, Cincinnati, for Plaintiff-Appellee.

Graydon, Head & Ritchey, Cincinnati, and Mildred Eichbaum, Dayton, for Defendant-Appellants.

Taft, Stettinius & Hollister and I. Benton Davidson, Cincinnati, for Defendant-Appellee.

## OPINION

**By THE COURT:**

In this case, as in **Holt v Miller, 133 Oh St 418,** the decision turns upon the interpretation to be given the word "heirs" as used in a will. In that case, the provision construed was that upon the death of a life tenant the estate should "pass to and vest in fee simple in his heirs." In the case at bar, we are called upon to construe a provision that upon the death of the life tenant, if no children survived him, the remainder over should pass "to his heirs at law as in the statute in such cases made and provided."

In Holt v Miller, the court held that the beneficiary under that will was determined by the statute in force at the time of the death of the life tenant. The Court announced and followed the rule that "Where the term 'heirs' as used by a testator is of doubtful import it should be accorded its usual technical meaning."

It is contended that the language quoted from the will now under construction points to the statute in force at the time of the execution of the will or at the death of the testatrix, rather than the statute in force at the death of the life tenant. However, both wills refer to the heirs of a person living at the time of the execution of the wills and both necessarily refer to a future time when the death of the beneficiary for life brings into existence heirs when for the first time the remainder could vest. To look to a repealed statute for a definition of the word "heirs" at that time would certainly not be the customary method. It seems to us that clear language would be required to indicate such a testamentary definition of the term "heirs." We find no such intent in the language of the will under construction.

490

On the authority of Holt v Miller, supra, the judgment is affirmed.

HILDEBRANDT, PJ, MATTHEWS and ROSS, JJ, concur.